Moulton *v.* Smith.

MOULTON *versus* SMITH.

In replevin, a verdict of *non cepit* and a judgment for return, are not conclusive upon the question of *property.* They only show that, *for some cause,* the defendant is entitled to the *possession.*

A judgment of return, in an action of replevin, founded upon a verdict of *non cepit,* is not a bar to a suit involving the question of property.

It is no valid objection to a declaration, that it contains one count in case and another of trespass, *de bonis asportatis.*

TRESPASS, *de bonis asportatis.*

Robert A. Bird, a deputy sheriff, attached goods as the property of one Carter. This plaintiff took them from Mr. Bird in a replevin suit. To that suit Mr. Bird pleaded *non cepit,* and also *that* the property in the goods was in one Carter, and not in the plaintiff ; — and *that* he, the said Bird, being a deputy sheriff, attached the same upon a writ against said Carter, wherefore he prayed a return.

Upon those pleadings and the evidence introduced by the parties, the cause was submitted to a jury, by whom a verdict was rendered that the defendant, Mr. Bird, *did not take* the property in manner and form, &c.

Upon that verdict, judgment was entered for a return of

the goods to Mr. Bird, and upon the writ of return, the goods were restored to him.

This is an action of trespass against the sheriff for the aforesaid original taking of said goods.

The writ contained two counts; one charging that the goods were taken by the sheriff; and the other was substantially a count in case, alleging that Bird, the defendant's deputy, took the goods and sold them, and converted them to his own use.

Under the general issue, the sheriff read in evidence the record of the judgment in the said replevin suit, and of the doings upon said writ of return; and he thereupon contended that this action could not be maintained; but the Court, SHEPLEY, C. J., ruled otherwise. It was admitted, that the creditors, on whose writ Bird made the attachment of the goods, recovered judgment against Carter in that suit for a very large amount.

The jury returned a verdict against the sheriff, who moves for a new trial, alleging that the verdict was against evidence, and the questions of law arising upon the evidence are also by agreement submitted to the court.

*Fox*, for the plaintiff.

The proceedings in *Moulton* v. *Bird* are no bar to the present suit.

The only finding there is on the general issue.

1. *Non cepit* admits property in plaintiff, and the taking only is in issue. To support his case, the plaintiff needs only to prove that the defendant was in possession of the property, at the place named in the writ. *Vickery* v. *Shurburne*, 20 Maine, 34; *Sawyer* v. *Huff*, 25 Maine, 464; 1 Chitty's Pl, 499; *Whitwell* v. *Wells*, 24 Pick. 25.

The brief statement does not, of itself, create an issue. The Revised Statutes do not *require* the general issue to be pleaded.

Defendant may or may *not* have offered evidence, under his brief statement. From the record, this court cannot know that that cause was decided upon any thing but the general

issue, and that plaintiff failed to prove what was necessary to sustain that issue for him.

The record was admitted as evidence, but the defendant offered no proof to show on what ground the verdict was rendered.

*Non cepit admits property* in the plaintiff, and if that record is of any effect, it would seem to be record evidence, that property was the plaintiff's, and should rather be a bar to the defendant than the plaintiff.

A judgment of return is of no effect on a question of property. *Collins* v. *Evans*, 15 Pick. 65.

In replevin, where a plea of property is interposed, as well as *non cepit*, a verdict for the plaintiff upon *non cepit* determines nothing except the taking. *Sprague* v. *Kneeland*, 12 Wend. 163.

The verdict on plea of *non cepit* leaves the question of title of property undisposed of. *Boynton* v. *Page*, 13 Wend. 431.

Case is proper remedy. 2 Dane, chap. 58, art. 2, sect. 1; *ibid.* art. 3, sect. 2.

The defendant did not justify under any execution or offer any in evidence.

*Rand*, for the defendant.

The judgment in the former suit, (*Moulton* v. *Bird*,) is a bar and perfect defence to this suit.

That suit settled both the *taking* and the *title* to the property now in controversy.

In that suit the court rendered judgment for return, which they would not have done, unless *title* had been settled against plaintiff. *Simpson* v. *McFarland*, 18 Pick. 430; *Quincy* v. *Hall*, 1 Pick. 357; *Hoffman* v. *Noble*, 6 Metc. 68; *Collins* v. *Evans*, 15 Pick. 63; *Whitwell* v. *Wells*, 24 Pick. 32.

That the former judgment is conclusive, whether pleaded specially, (by way of estoppel) or given in evidence, is substantially recognized in 1 Greenl. Ev. § 528, &c.; *Chase* v. *Walker*, 26 Maine, 559; *Putnam* v. *Morewood*, 3 East, 346.

If the plaintiff can maintain any action, he cannot maintain trespass.

There was no illegal *taking* if there was a subsequent conversion, the remedy should be sought in trover.

WELLS, J. — The defendant contends, that this action cannot be maintained, because in the action of replevin against Bird, his deputy, the jury returned a verdict of *non cepit*, and the court ordered a return. Bird filed a brief statement avowing the taking of the goods as the property of Carter. It appears from the cases decided in Massachusetts, cited in argument, that the court will look into the facts of the case as well as the pleadings, to determine whether there shall be a return or not. In that action it did appear, that Bird had attached the goods as the property of Carter, and that they were taken out of his possession by the writ of replevin. He had in fact taken the goods and by finding a verdict in his favor, the jury must have found the right of property in Carter, but there was an accidental omission to insert it in the verdict. By our statute the defendant may plead the general issue, and give in evidence any special matter in defence by filing in the cause a brief statement of it, and a verdict upon the general issue will usually be decisive upon the matter in controversy. But a verdict of *non cepit* does not decide that the property belongs to the defendant. And although a return was ordered to Bird, it was not done upon the verdict alone, but upon that with the pleadings and the facts in the case.

Although a return was had, that did not decide the title to the property in favor of Bird, so that it could not be subsequently contested, but the decision went no further than that in the peculiar state of the case, he was entitled to the possession. The court had no power to decide finally upon the question of property, such determination would fall within the province of the jury. The record in that case does not interpose any obstacle to the recovery in this action.

It is further objected, that an action of trespass in this case

Moulton *v.* Smith.

cannot be sustained. There are two counts in the plaintiff's declaration. One of them is in the usual form of trespass, *de bonis asportatis*, the other alleges a taking and conversion of the goods by Bird, that he sold them and converted the proceeds to his own use. If the possession of Bird, for whose official acts the defendant is responsible, could not be considered wrongful, yet the sale and conversion by him must be viewed in a different light, and were injuries to the plaintiff, for which damages might be recovered in an action on the case, and the second count in the declaration is of that character. And our statute, c. 115 § 13, declares, that in all actions of trespass, and trespass on the case, the declaration shall be equally good and valid, whether the same shall be in form a declaration in trespass, or trespass on the case. Wherever then one will lie, the other will also, and being thus made of the same nature, no objection can arise to their joinder. If the state of facts show a party entitled to recover in trespass or case, his declaration may be framed in either form or both, the distinction between them having been very clearly abolished by the statute.

The defendant asks the court to set aside the verdict as against the evidence, and although there are circumstances, from which an inference might be drawn, that the sale from Carter to the plaintiff was made to defraud the creditors of Carter, yet they are not sufficient to authorize the court to set it aside. There are no means of determining by any thing in the report of the case, whether the jury rendered damages for the pictures, which, it is alleged, had been returned to Carter, and had not been sold by him to the plaintiff, or for any pictures described in the bill of sale. Nor is it apparent from the evidence in the case, that the damages are excessive.

*The motion is overruled, and*
*judgment on the verdict*